WHITE AND WILLIAMS LLP
Nicole A. Sullivan
7 Times Square, Suite 2900
New York, NY  10036-6524
212-631-4404
sullivann@whiteandwilliams.com
*Attorneys for Plaintiff*

**UNITED STATES BANKRUPTCY COURT OF THE
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **IN CHAPTER 7** |
| **KELLY RHEEL,** | |
| Debtor. | |
| | **BANKRUPTCY NO.   19-45767-ess** |
| **PINK SHIRT CONSTRUCTION, INC.** | |
| **Plaintiff,** | |
| **v.** | **ADVERSARY NO. 20-01014** |
| **KELLY RHEEL, MR. WHITE LLC and JENNIFER NEMETH** | |
| Defendants. | |

**PLAINTIFF PINK SHIRT CONSTRUCTION, INC.'S OPPOSITION TO DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS
PURSUANT TO FED. R. CIV. P. 12(C)**

# **Contents**

PRELIMINARY STATEMENT ................................................................................................. 1

LEGAL STANDARD.............................................................................................................. 4

STATEMENT OF FACTS ...................................................................................................... 6

ARGUMENT ........................................................................................................................ 8

    A.    Debtor's Admission That Factual Disputes Exist Warrants Denial of the    Motion ......... 8

    B.    The Amended Complaint Alleges Actual Intent to Hinder, Delay or Defraud a Creditor Under § 727(a)(2) ................................................................................................. 10

    C.    The Pleadings Support the Allegations that Debtor Lost Assets or Created    Deficiencies in her Assets Without Proper Explanation at this Juncture....................................... 14

    D.    The Complaint Sufficiently Alleges a Willful and Malicious Injury    under §523(a)(6)  16

    E.    Section 523(a)(4) Precludes Discharge Because the Allegations Sufficiently    Allege Embezzlement.......................................................................................................... 21

    F.    Leave to Amend Should be Permitted ............................................................ 23

CONCLUSION.................................................................................................................... 24

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..................................................................................................6

*Barger v. First Data Corp.*,
2018 U.S. Dist. LEXIS 122534 (E.D.N.Y. July 23, 2018).......................................8

*Bub v. Rockstone Capital, LLC*,
516 B.R. 685 (E.D.N.Y. 2014) ...............................................................................14

*Convolve, Inc. v. Compaq Comput. Corp.*,
2011 U.S. Dist. LEXIS 152762 (S.D.N.Y. Aug. 16, 2011) ......................................9

*Essenfeld v. Schultz*,
239 B.R. 664 (E.D.N.Y. 1999) ...............................................................................10

*Ganci v. Townsend (In re Townsend)*,
550 B.R. 220 (Bankr. E.D.N.Y. 2016)....................................................................19

*Gioconda Law Group PLLC v. Kenzie*,
941 F. Supp. 2d 424 (S.D.N.Y. 2012).......................................................................5

*Heller v. Conrail*,
331 Fed. Appx. 766 (2d Cir. 2009)............................................................................5

*In Re Bressler*,
601 B.R. 318 (Bankr. S.D.N.Y. 2019) ....................................................................10

*In re Graziano*,
35 B.R 589 (Bankr. E.D.N.Y. 1983)........................................................................21

*Indo-Med Commodities, Inc. v. Wisell (In re Wisell)*,
494 B.R. 23 (Bankr. E.D.N.Y. 2011).......................................................................22

*James Miller Marine Servcs. Inc. v V.I.P. Yacht Cruises, Inc.*,
01-CV-2938, 2002 U.S. Dist. LEXIS 13530 (E.D.N.Y. Apr. 30, 2002) ..................4

*Jermosen v. Coughlin*,
1992 U.S. Dist. LEXIS 8134 (S.D.N.Y. June 3, 1992)..............................................5

*Juster Assocs. v. Rutland*,
901 F.2d 266 (2d Cir. 1990).......................................................................................5

*L-7 Designs, Inc. v. Old Navy, LLC*,
  647 F.3d 419 (2d Cir. 2011)..................................................................................6

*Lisa Ng v. Adler (In re Adler)*,
  494 B.R. 43 (Bankr. E.D.N.Y. 2013)...................................................................15

*Luce v. Edelstein*,
  802 F.2d 49 (2d Cir. 1986) .................................................................................23

*Mirarchi v. Nofer (In re Nofer)*,
  514 B.R. 346 (Bankr. E.D.N.Y. 2014).................................................................21

*Navistar Financial Corp. v. Stelluti (In re Stelluti)*,
  94 F.2d 84 (2d Cir. 1996).............................................................................18, 19

*Oliver Sch., Inc. v. Foley*,
  930 F.2d 248 (2d Cir. 1991)...............................................................................23

*Palisades Tickets, Inc. v. Daffner (In re Daffner)*,
  612 B.R. 630 (Bankr. E.D.N.Y. 2020).................................................................17

*People v. Yannett*,
  49 N.Y.2d 296 (1980) .........................................................................................22

*Pisculli v. T.S. Haulers, Inc. (In re Pisculli)*,
  426 B.R. 52 (E.D.N.Y. 2010) .............................................................................12

*Race Place of Danbury, Inc. v. Scheller (In re Scheller)*,
  265 B.R. 39 (Bankr. S.D.N.Y. 2001)..............................................................21, 22

*Ronzani v. Sanofi S.A.*,
  899 F.2d 195 (2d Cir. 1990)...............................................................................23

*Shah v. N.Y. State Dep't of Civil Serv.*,
  1996 U.S. Dist. LEXIS 17891 (S.D.N.Y. Dec. 2, 1996) .........................................8

*Shiboleth v. Yerushalmi (In re Yerushalmi)*,
  393 B.R. 288 (Bankr. E.D.N.Y. 2008).................................................................10

*T.S.Haulers, Inc. v. Pisculli (In re Pisculli)*,
  No. 805-89678, 2009 Bankr. LEXIS 573 (Bankr. E.D.N.Y. Mar. 4, 2009) ...........10

*Telsat v. Entertainment & Sports Programming Network*,
  753 F. Supp. 109 (S.D.N.Y.1999) .........................................................................6

*Tese-Milner v. Gordon (In re Gordon)*,
  No. 09-16230, 2015 Bankr. LEXIS 131 (Bankr. S.D.N.Y. Jan. 13, 2015)..............10

**STATUTES**

11 U.S.C.
 § 523(a)(6) ..............................................................................................3, 16, 19
 § 727(a)(2) ............................................................................................10, 11, 12
 § 727(a)(5) ..................................................................................................15, 16

Fed. R. Civ. P. 9(b) ........................................................................................................23

Fed. R. Civ. P. 12(b)(6).....................................................................................................5

Fed. R. Civ. P.  12(c) .......................................................................1, 2, 3, 4, 5, 8, 14, 17, 20, 23

Fed. R. Civ. P. 15(a)(2) ..................................................................................................23

**OTHER AUTHORITIES**

5A C. Wright & A. Miller, Federal Practice and Procedure § 1368 (1990) ...............................5, 8

5C Charles Alan Wright & Arthur R. Miller, et al., Federal Practice and
 Procedure, § 1367 (3d ed. 1998).................................................................................5

2A Moore's Federal Practice ¶ 12.14 ..........................................................................................23

Plaintiff, Pink Shirt Construction, Inc. ("Plaintiff"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in opposition to the Motion to Dismiss the Complaint pursuant to Rule 12(c) by Defendant Kelly Rheel ("Debtor"), dated May 24, 2021 (the "Motion").

### PRELIMINARY STATEMENT

Debtor has moved, pursuant to Rule 12(c) of Federal Rules of Civil Procedure, for an order dismissing Plaintiff's Amended Complaint. In doing so, Debtor asserts that Plaintiff's detailed complaint and all inferences drawn therefrom fails to state any claim for relief, and the pleadings, including her Answer, raises no issues that need to be resolved by the trier of fact, thereby warranting dismissal on the pleadings. In fact, Debtor's Motion, which is utterly lacking in merit, should be denied in its entirety because a plain reading of the entire Amended Complaint taking all allegations as true and all inferences in favor of Plaintiff demonstrates clearly that Plaintiff has met, and in fact exceeded, its pleading obligations with respect to all claims asserted, and that the Amended Complaint, Answer and bankruptcy filings sworn to by Debtor raise numerous questions of fact mandating that the case should proceed to discovery and trial.

First, a review of the totality of the allegations and the pleadings shows that each cause of action was sufficiently alleged and there is a myriad of issues of fact to be flushed out in discovery. In fact, Debtor's own Answer contains many denials that even contradict her own sworn representations in filings in support of her bankruptcy. Debtor's own Answer contains denials of knowledge or information sufficient to respond to certain allegations including her relationship with Flash Lab Laser LLC ("Flash Lab"), whether Flash Lab is merely just an extension of Debtor, and whether Debtor transferred any money to an insider within one year of filing the Petition. These contradictions and inexplicable lack of knowledge, in and of themselves, show Plaintiff

should be allowed to proceed to discovery. Courts have routinely held that judgment on the pleadings is not warranted when the defendant – like here – has denied or contested each allegation creating conflicts that themselves present issues of fact. This is even truer here where the necessary evidence to sustain each cause of action is in Debtor's possession and knowledge.

Second, Debtor's arguments, while couched as challenges to the sufficiency of the pleadings, are really defenses she can raise in opposition to each cause of action but none warrants dismissal under the stringent standard applied on a Rule 12(c) motion. The same is true for counsel's legal arguments and supposition about the facts that are outside the pleadings but proffered in support of the Motion, which also are not at all relevant in determining judgment as a matter of law under Rule 12(c).

Finally, Debtor's Motion has no merit substantively, and is nothing more than a tactic by Debtor to increase the costs of this litigation for Plaintiff and to delay its day in court. As courts prefer to allow parties an opportunity to address the merits rather than issue judgments on the pleadings, Plaintiff's Amended Complaint should not be dismissed. This is particularly true here, where the facts alleged show that Debtor is not the honest but unfortunate debtor that the Code aims to provide with a fresh start. Rather, Debtor manufactured loans and took steps to dissipate her property to insiders (and the property of her co-judgment debtor, Mr. White, LLC) to avoid satisfying the Judgment rightfully awarded to Plaintiff after a weeklong jury trial.

Plaintiff properly pled exceptions to discharge under § 727(a). Debtor moves that § 727(a) exceptions were not properly alleged because there are no allegations of actual intent to hinder, delay or defraud a creditor and there are no missing assets. Both grounds fail because a plain reading of the totality of the pleadings here shows that the allegations are more than sufficient to avoid dismissal at the pleading stage. There is no dispute that Debtor had monies in her possession,

custody and control that she spent within one year of filing her petition for the sole purpose to hinder Plaintiff's collection of its Judgment against Debtor and her company, Mr. White LLC and to manufacture loans to create a basis to claim Debtor was insolvent while creating priority in the bankruptcy over Plaintiff – all of which was clearly pled. It is also unclear based on the pleadings, what Debtor did with those monies. While the Amended Complaint alleges that the money was transferred within one year of the Petition to purchase an interest in Flash Lab from Jennifer Nemeth, in Debtor's Answer she denied knowledge or information sufficient to form a belief as to the truth of her ownership interest in Flash Lab, LLC or any partnership with Ms. Nemeth or any use of monies to pay Ms. Nemeth. She then surprisingly proffers here in support of her Motion that she used money to buy out Ms. Nemeth's interest in Flash Lab. The pleadings, read in totality, clearly evidence that there are issues of fact concerning the money in Debtor's possession, custody and control, what Debtor did with the money and therefore whether an exception to discharge applies here. This is more than sufficient to survive a Rule 12(c) motion. Whether or not Plaintiff can ultimately establish each element and meet its burden is not relevant at this juncture of the case.

Debtor also moves on the ground that there was no willful or malicious injury under § 523(a)(6) because closing a bank account cannot be "willful" and Plaintiff cannot establish Debtor committed a malicious injury. Quite to the contrary, the allegations that the Debtor caused willful and malicious injury to Plaintiff by transferring money that should be in the estate in order to prevent the Plaintiff who Debtor had a personal animus against from obtaining those funds was with the intent to cause harm to Plaintiff and is more than sufficient to plead an exception to discharge under § 523(a)(6). Again, these allegations are more than sufficient to avoid dismissal

at the pleading stage. And ultimately, whether there has been a "malicious injury" involves a fact-intensive inquiry, which is not ripe for a decision on the pleadings.

Debtor also moves on the ground that there was no embezzlement because she owned the company, and thus, § 523(a)(4) cannot apply. Plaintiff alleges that Debtor took monies belonging to Mr. White, LLC which was also a judgment debtor of Plaintiff to prevent Plaintiff from satisfying the Judgment. The cases are clear that a partner or owner of a company can embezzle money from the company sufficient to satisfy § 523(a)(4). As such, Plaintiff has sufficiently pled embezzlement.

Simply put, Debtor cannot obtain a judgment on the pleadings here simply based on her own interpretation of the allegations, hyper focus on specific allegations while ignoring the other allegations, and her own verified filings in this Bankruptcy as well as commentary from counsel in the Motion about Debtor's need for the money at issue in this Amended Complaint. In so arguing, Debtor's position misstates and misapplies the applicable law. In short, the allegations provided sufficient notice to Debtor of each cause of action and this is all that is required at this juncture. Thus, the Motion should be denied.

## **LEGAL STANDARD**

"'Judgment on the pleadings is rarely granted and is not proper unless the movant clearly establishes that no material issue of fact remains to be resolved.'" *James Miller Marine Servcs. Inc. v V.I.P. Yacht Cruises, Inc.*, 01-CV-2938, 2002 U.S. Dist. LEXIS 13530, at *5 (E.D.N.Y. Apr. 30, 2002).

As a leading treatise explains:

[A] Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings, exhibits thereto . . . . The motion for a judgment on the pleadings only has utility when all

material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court.

*Gioconda Law Group PLLC v. Kenzie*, 941 F. Supp. 2d 424, 427 (S.D.N.Y. 2012) (quoting 5C Charles Alan Wright & Arthur R. Miller, et al., Federal Practice and Procedure, § 1367 (3d ed. 1998)). Here, the material facts are plainly disputed.

"In considering motions under Federal Rule 12(c), district courts frequently indicate that a party moving for a judgment on the pleadings impliedly admits the truth of its adversary's allegations and the falsity of its own assertions that have been denied by that adversary." *Gioconda Law Grp. PLLC*, 941 F. Supp. 2d at 427. "A defendant-movant is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat a plaintiff's claim." *Jermosen v. Coughlin*, 1992 U.S. Dist. LEXIS 8134, *13 (S.D.N.Y. June 3, 1992). The movant is "entitled to judgment on the pleadings only if it has established 'that no material issue of act remains to be resolve and that [it] is entitled to judgment as a matter of law." *Juster Assocs. v. Rutland*, 901 F.2d 266, 269 (2d Cir. 1990). "Because 'hasty or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his or her claim or defense,' federal courts are 'unwilling to grant a motion under Rule 12(c) unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'" *Gioconda Law Grp. PLLC*, 941 F. Supp. 2d at 427 (quoting Fed. Prac. & Proc. § 1368).

When reviewing a motion brought pursuant to Rule 12(c), a court applies the same standard as applied to its review of a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6). *Heller v. Conrail*, 331 Fed. Appx. 766, 767–68 (2d Cir. 2009) (citation omitted). "In both postures, the district court must accept all allegations in the [non-movant's pleadings] as true and draw all inferences in the non-moving party's favor." *Patel v. Contemporary Classics of Beverly* Hills, 259

F.3d 123 (2d Cir. 2001) (citations omitted). "On a 12(c) motion, the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (finding it was proper to consider exhibits to the counterclaim). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pleading "must set forth enough information to suggest that relief would be based on some recognized legal theory." *Telsat v. Entertainment & Sports Programming Network*, 753 F. Supp. 109, 111 (S.D.N.Y.1999). Applying this stringent standard, the Motion should be denied.

## STATEMENT OF FACTS

In the Amended Complaint, Plaintiff alleges that it was awarded a judgment against Debtor and her co-defendants, Mr. White, LLC and Andrew Dunleavy in the amount of $115,671.88 plus continuing interest after a jury trial in the state court. Doc. 19, Amended Complaint ("Am. Comp."), ¶¶ 29, 30, 31. Debtor never satisfied the Judgment. Am. Compl., ¶ 32. Debtor denied knowledge of information sufficient to respond to these allegations. Doc. 21, Answer ("Ans."), ¶¶ 29, 30, 31. The Amended Complaint alleged that Debtor was an owner of Mr. White, LLC and Flash Lab and partnered in business with Jennifer Nemeth. Am. Compl., ¶¶ 29, 43. Debtor again denied knowledge or information sufficient to respond to these allegations about her ownership interest in both businesses and any partnership with Ms. Nemeth. Ans., ¶¶ 29, 43. The Amended Complaint alleges that Debtor used funds in her possession, custody and control to buy out Ms.

Nemeth's interest in Flash Lab to the detriment of Plaintiff. Am. Compl., ¶ 43. Debtor denied knowledge or information sufficient to respond to the allegations about her use of funds to buy out Ms. Nemeth from Flash Lab. Ans., ¶ 43. The Amended Complaint also alleged that Debtor caused funds to be transferred from Mr. White, LLC to the detriment of Plaintiff because of her personal hatred for Plaintiff and that she blamed Plaintiff for "put[ting] her and her family's lives in jeopardy." Am. Compl., ¶¶ 35, 36, 37, 38, 39, 40. Debtor denied the allegations and proffered that she had documentary evidence to defeat the allegations concerning the transfer of money from Mr. White LLC's bank accounts. Ans., ¶ 35, 36, 37, 38. Debtor further denied knowledge or information to admit or deny the truth of the allegations concerning her own sworn testimony about the Plaintiff. Ans., ¶¶ 39, 40.

The Amended Complaint alleges that Debtor is the current owner of Flash Lab, which is still an active business that provides an income for Debtor. Am. Compl., ¶¶ 50, 51, 52. Debtor again denies knowledge or information sufficient to form a belief to respond to the allegation concerning the formation of Flash Lab for her benefit. Ans., ¶ 50. Debtor also denies that Flash Lab is a single member LLC or an active business that generates revenue and profits for the benefit of Debtor. Ans., ¶ 51. In Debtor's Petition, she lists herself as the 100% owner of Flash Lab and that it has a monthly net operating income of $3000. Doc. No. 12, Schedules A/B, p. 5; Doc. No. 12, Schedule I, pp. 1-2. The Amended Complaint alleges that Debtor listed debts from her parents that were secured by equipment and money owned by her business Flash Lab. Am. Compl., ¶¶ 59, 60. Debtor neither admits nor denies these allegations. Ans. ¶¶ 59, 60. On Schedule D, Debtor lists as the property that secured her father's loan as a laser and FFE as well as the following property for her mother's loan, a Candela Gentlemax Pro laser, MD Pen micro needle and Treatment supplies. Doc. No. 12, Schedule D, p. 1. The Amended Complaint then alleges that Debtor did not

offer any collateral for the loans from her parents. Am. Compl., ¶ 61. Debtor denies this allegation. Ans., ¶ 61.

The Amended Complaint also alleges that Debtor listed White and Williams as a creditor when there is no award or judgment against Debtor in that amount. Am. Compl., ¶ 64. Debtor also denied this allegation. Ans. ¶ 64. The Amended Complaint further alleges – again all denied by the Debtor – that the Debtor misled this Court and misrepresented herself to this Court in order to defraud Plaintiff and that Debtor's dishonesty and improper filing of this bankruptcy petition to avoid paying the Judgment to Plaintiff. Am. Compl., ¶¶ 63 ,65; Ans., ¶¶ 63, 65.

## ARGUMENT

### A.    Debtor's Admission That Factual Disputes Exist Warrants Denial of the Motion

Debtor's inclusion of denials and references to documents without attaching them in her Answer as well as numerous admissions that she lacked sufficient information to admit or deny certain allegations pertaining to her ownership interests in Mr. White and Flash Lab as well as the information contained in her own sworn bankruptcy filings shows clearly that there are issues of fact and judgment on the pleadings is not proper. "A material issue of fact that will prevent a motion under Rule 12(c) from being successful may be framed by an express conflict on a particular point between the parties' respective pleadings. It also may result from defendant pleading new matter and affirmative defenses in his answer." 5A C. Wright & A. Miller, Federal Practice and Procedure § 1368, at 529 (1990); *see also Barger v. First Data Corp.,* 2018 U.S. Dist. LEXIS 122534, at *1 (E.D.N.Y. July 23, 2018) (finding that defendants "contested virtually every material fact in plaintiff's complaint and plead twenty affirmative defenses" which created "disputes of material fact [that] preclude judgment on the pleadings); *Shah v. N.Y. State Dep't of Civil Serv.,* 1996 U.S. Dist. LEXIS 17891, at *5 (S.D.N.Y. Dec. 2, 1996) ("The conflict between

the defendants' denial of the allegations and the plaintiff's assertions in itself creates issues of fact which may not be resolved on a motion for judgment on the pleadings."); *Convolve, Inc. v. Compaq Comput. Corp.,* 2011 U.S. Dist. LEXIS 152762, at *22 (S.D.N.Y. Aug. 16, 2011), rev. in part on other grounds 527 F. App'x 910 ("Examining the face of the pleadings alone, the parties dispute the material facts and thus judgment on the pleadings is inappropriate.").

Here, the Amended Complaint alleges "[o]n information and belief, when Debtor dissolved Mr. White LLC, Debtor caused the funds in Mr. White LLC's bank accounts to be transferred to Debtor (the "First Transfer") for her own use to the detriment of Plaintiff." Am. Compl ¶ 35. Debtor answered this paragraph stating that "substantial documentary evidence, including months of bank statements, demonstrate that Mr. White LLC had a negative balance months prior to its dissolution and, as such, no money could have been, or was, transferred from Mr. White LLC to Defendant." Ans., ¶ 35. The referenced documentary evidence in paragraph 37 of Debtor's Answer to the Amended Complaint shows that discovery is needed to flush out the facts and there are issues of fact to be decided here concerning the estate's money, its disposition and whether discharge is appropriate.

Moreover, Debtor denied knowledge or information sufficient to form a belief as to the truth or veracity of whether she used funds in her possession to buy out Jennifer Nemeth's interest in Flash Lab, whether her transfer of money to Jennifer Nemeth occurred within one year of the Petition, and whether her Statement of Financial Affairs filed in the Bankruptcy averred that she did not make a payment on a debt owed to an insider or for the benefit of an insider. Ans., ¶¶ 43-46, 48. These responses raise serious concerns about the veracity of Debtor's filings in the Bankruptcy, which contradict Debtor's Answer and certainly warrant a closer examination. *See* Doc. No. 1, 12, 13, 19.  Based on the pleadings here as well as the record in the Bankruptcy, Debtor

as the movant has failed to meet her high burden of showing no material issue of fact remains to be resolved and that she is entitled to judgment as a matter of law. A dispositive dismissal based on the pleadings is simply not warranted.

### B.    The Amended Complaint Alleges Actual Intent to Hinder, Delay or Defraud a Creditor Under § 727(a)(2)

The Code precludes discharge when "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed — (A) property of the debtor, within one year before the date of the filing of the petition." 11 U.S.C. § 727(a)(2). "To prevail on a claim under §727(a)(2)(A), a creditor must prove the following four elements by a preponderance of the evidence: (1) the debtor or his duly authorized agent transferred, removed, destroyed, mutilated, or concealed property; (2) said property belonged to the debtor; (3) the transfer occurred with actual intent to hinder, delay or defraud a creditor []; and (4) the transfer occurred within one year prior to filing for bankruptcy." *Shiboleth v. Yerushalmi (In re Yerushalmi)*, 393 B.R. 288, 297 (Bankr. E.D.N.Y. 2008). "Whether the debtor had the necessary wrongful intent usually turns on the credibility and demeanor of the debtor, and is thus a question of fact." *T.S.Haulers, Inc. v. Pisculli (In re Pisculli)*, No. 805-89678, 2009 Bankr. LEXIS 573, at *13 (Bankr. E.D.N.Y. Mar. 4, 2009) (citing *Essenfeld v. Schultz*, 239 B.R. 664 (E.D.N.Y. 1999)); *see also In Re Bressler*, 601 B.R. 318, 332 (Bankr. S.D.N.Y. 2019) (stating "[t]he issue of fraudulent intent is purely a question of fact."); *Tese-Milner v. Gordon (In re Gordon)*, No. 09-16230, 2015 Bankr. LEXIS 131, at *48 (Bankr. S.D.N.Y. Jan. 13, 2015) (stating "[w]ether a debtor had fraudulent intent is a question of fact.").

Debtor argues that Plaintiff failed to allege a cause of action under § 727(a)(2) because "the Debtor did not remove any assets from the estate – let alone with intent to hinder, delay or

defraud creditors such as is required to deny the Debtor her discharge pursuant to section 727(a)(2)." Mot., p. 12. Debtor's self-serving and twisted reading of the Amended Complaint does not alter the fact that Plaintiff has sufficiently pled that Debtor had money in the estate that she transferred out within one year before filing the Petition to an insider with the intent to hinder, delay or defraud Plaintiff.

In fact, the allegations in the Amended Complaint more than sufficiently allege that Debtor's actions were taken with the actual intent to hinder, delay and defraud Plaintiff from recovering any money from Debtor or her estate. Specifically, the Amended Complaint alleges that the Transfers were made after the verdict was rendered against Debtor in favor of Plaintiff. Am. Compl., ¶¶ 35-37, 44. The Amended Complaint alleges the Transfers were made by Debtor within one year of Debtor filing for bankruptcy. Am. Compl., ¶¶ 34-35, 43, 45. The Amended Complaint alleges that despite the Transfers occurring within one year of filing the Petition, "In the Statement of Financial Affairs for Individuals Filing for Bankruptcy, Debtor averred that she did not make a payment on a debt owed to anyone who was an insider within one year prior to filing bankruptcy." Am. Compl., ¶ 46. The Amended Complaint alleges that "This is a false statement because on information and belief, the Second Transfer was to Debtor's business partner." Am. Compl., ¶ 47. The Amended Complaint also alleges that "In the Statement of Financial Affairs for Individuals Filing for Bankruptcy, Debtor averred that she did not make any payments on account of a debt that benefitted an insider within one year prior to filing bankruptcy." Am. Compl., ¶ 48. The Amended Complaint alleges that "This is a false statement because on information and belief, the Second Transfer was to Debtor's business partner, an insider." Am. Compl., ¶ 49. The Amended Complaint alleges "Debtor has misled this Court and misrepresented herself to this Court in order to defraud Plaintiff to her benefit." Am. Compl., ¶ 65. The Amended

Complaint alleges "No part of the Judgment has been satisfied." Am. Compl., ¶ 66. Moreover, the Amended Complaint alleges that "Upon information and belief, during the one year preference period for insiders, Debtor filed UCC's purporting to create a lien (a transfer) to place her insider parents ahead of other creditors, notwithstanding that she did not personally pledge any collateral to secure the loan." Am. Compl., ¶ 82. The Amended Complaint further alleges "As of the dates of the Transfers and the Alleged Loans, Debtor had one or more unsecured creditors" and "The Transfers and Alleged Loans removed assets from Debtor's estate and prevents distribution to Debtor's creditors." Am. Compl., ¶¶ 83, 84. Finally, the Amended Complaint alleges that "By the Transfers, asserting the Alleged Loans and attempting to avoid payment of the Judgment, Debtor has hindered, delayed and defrauded Plaintiff-Creditor and should be denied a discharge under Section 727(a)(2)." Am. Compl., ¶ 85.

Moreover, there is more than sufficient allegations to show Debtor is the alter ego of Flash Lab LLC, such that granting a security interest in Flash Lab property constitutes a transfer of estate property to an insider. Am Compl., ¶ 59, 60, 84. "Although Section 727(a)(2)(B) only applies to 'property of the estate,' a court may pierce the corporate veil of a business and treat its assets as the debtor's individual property, and, thus, property of the debtor's estate, under an alter ego theory." *Pisculli v. T.S. Haulers, Inc. (In re Pisculli)*, 426 B.R. 52, 60 (E.D.N.Y. 2010). "[T]he corporate veil will be pierced to achieve equity, even absent fraud, [w]hen a corporation has been so dominated by an individual or another corporation and its separate entity so ignored that it primarily transacts the dominator's business instead of its own and can be called the other's alter ego." *Id.* Here, the Amended Complaint alleges that "On information and belief, Flash Lab was formed by, on behalf of or for the benefit of Debtor" and "is now a single member LLC that is still

an active business that generates revenue and profits for the benefit of Debtor." Am. Compl., ¶¶ 50, 51.

The Amended Complaint further alleges that Debtor received two personal loans from her parents that were entirely secured by equipment and money owned by her business Flash Lab. Am. Compl., ¶¶ 59-60. These allegations are confirmed by Debtor's own Schedules filed in support of her Petition. In her Schedules, Debtor lists herself as the 100% owner of Flash Lab. Doc. 12, Schedule A/B p. 5. Debtor also notes in her Schedules that she is employed by Flash Lab and that her net income from operating Flash Lab is $3,000. Doc. 12, Schedule I, pp. 1-2.[1] In addition, on Schedule D, Debtor lists as the property that secured her father's loan as a laser and FFE as well as the following property for her mother's loan, a Candela Gentlemax Pro laser, MD Pen micro needle and Treatment supplies. Doc. No. 12, Schedule D, p. 1. Thus, the allegations and her own sworn filings show that Debtor was the sole shareholder and owner of Flash Lab. The allegations also show that Debtor treated the Flash Lab business as an extension of herself by treating Flash Lab's property as her own and for her individual benefit when she used its property as collateral for personal loans she allegedly received from her parents in May 2019. Such allegations show that Debtor's actions resulted in injury to Plaintiff who was unable to collect on its Judgment once Debtor manufactured loans secured by Flash Lab's property to create priority in a bankruptcy and to transfer estate assets outside the estate to insiders. Am. Compl. ¶¶ 43-49, 63, 84.

The Amended Complaint sufficiently alleges that Debtor transferred property within one year prior to filing to insiders or for the benefit of insiders that would have become property of the bankruptcy estate once the petition was filed with the intent to hinder Plaintiff from collecting its Judgment. In addition, the Debtor's purposeful failure to disclose these transfers to insiders in her

---

[1] Notably absent from Debtor's Schedule is an attached statement showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. Doc. 12, Schedule I.

bankruptcy filings is evidence in and of itself of her actual intent to defraud Plaintiff. *See e.g. Bub v. Rockstone Capital, LLC*, 516 B.R. 685, 698 (E.D.N.Y. 2014) (finding repeated material omissions and misrepresentations in the bankruptcy petition, schedules, and other submissions to the Bankruptcy Court, "supports a finding of fraudulent intent based, at least, on reckless indifference to the truth."). Moreover, whether Debtor's Transfers were actually intended to hinder, delay or defraud a creditor is a question of fact that cannot be decided as a matter of law on a Rule 12(c) motion. Nor can counsel's self-serving conclusion about the effect of the security interest in Flash Lab's property to creditors or its purpose (Mot., p. 13) be dispositive at this juncture. Once again, while the arguments raised by Debtor may be defenses to the claim that she plans to assert, they are not a basis for a judgment on the pleadings.[2]

### C.    The Pleadings Support the Allegations that Debtor Lost Assets or Created Deficiencies in her Assets Without Proper Explanation at this Juncture

In a last ditch effort to defeat the Amended Complaint, Debtor argues that the Fourth Cause of Action should fail purportedly because Plaintiff failed to meet its evidentiary burden given that it "actually admits that it knows what happened to the assets it claims existed."[3] Mot., p. 14. This is a surprising argument because Debtor has denied the veracity of the allegations that raise issues of fact precluding dismissal here.

---

[2] In addition, counsel's conclusory argument that "any security interest in [Flash Lab's] equipment that the Debtor granted to her parents for the loans they extended (which were necessary for her to maintain her business and allow her to earn a livelihood) did not harm her creditors" is not based on any allegation or pleading, and thus, is not proper determination on a Rule 12(c) motion. In fact, such conclusory argument should be wholly ignored since it is completely contradicted by Debtor's own Answer where she denies knowledge or information sufficient to answer about the allegation concerning the formation of Flash Lab and denied that Flash Lab is a single member LLC in complete contradiction to her own Schedules. Ans., ¶¶ 50, 51; 12, Schedule A/B p. 5; Doc. No. 12, Schedule I, pp. 1-2.

[3] It appears that the Motion simply copied and pasted Debtor's original motion to dismiss the same cause of action because it references allegations that are not present in the Amended Complaint. Mot. p. 14. As such, it is difficult for Plaintiff to properly respond to this argument but it will attempt to do so for the sake of completeness and efficiency.

Section 727(a)(5) provides an exception to discharge when "the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." 11 U.S.C. § 727(a)(5). "To carry the initial evidentiary burden under § 727(a)(5), a plaintiff must establish three elements: (1) that a debtor at one time possessed or claimed to control substantial and identifiable assets; (2) that those assets have disappeared, their disposition or placement now unknown; and (3) that no plausible explanation for this deficiency is apparent from the submitted records or has been articulated by the debtor." *Lisa Ng v. Adler (In re Adler)*, 494 B.R. 43, 73 (Bankr. E.D.N.Y. 2013). "Once a plaintiff has made his or her three-part prima facie case, the debtor must supply a 'satisfactory' explanation for the failure to account for the missing assets." *Id.*

The fact that the Amended Complaint alleges that Debtor used money in her possession, custody and control to buy out Ms. Nemeth from Flash Lab is not fatal to the claim. While the Amended Complaint alleges the Transfers were made and believed to have been used for certain purposes, Debtor's Answer to each allegation raises questions of fact that cannot be resolved on a pleading motion. Specifically, paragraph 35 alleges on information and belief that Debtor dissolved Mr. White LLC and transferred funds from its bank accounts to Debtor to the detriment of Plaintiff. Am. Compl., ¶ 35. Debtor denied the allegations and proffered that there were documents that would defeat the allegations. Ans., ¶ 35.  Paragraph 50 alleges that "On information and belief, Flash Lab was formed by, on behalf of and for the benefit of Debtor." Am. Compl., ¶ 50. In response, Debtor "denies knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in Paragraph '50' of the [Amended] Complaint and holds Plaintiff to its proofs." Ans., ¶ 50. In addition, paragraph 44 of the Amended Complaint alleges that Debtor used funds to buy out her partner, Jennifer Nemeth's interest in Flash Lab after the

verdict in favor of Plaintiff and to the detriment of Plaintiff. Am. Compl., ¶ 44. Debtor denies the allegations and proffers that her name was not on the verdict sheet at the time of the alleged transfer and that her attorney "submitted affidavit evidence to the Court that he had understood that she had been dismissed from the case and no judgment was to be issued against her." Ans., ¶ 44.

Clearly there are issues of fact here that need to be resolved concerning what property was in Debtor's possession, custody and control and what happened to that property, including whether Debtor received reasonably equivalent consideration for the disposition of property that should be in the estate. Moreover, if in fact, Debtor was not an owner of Flash Lab as she seems to state in her Answer, then her use of money to pay Ms. Nemeth, who could be a relative or friend, is the exact type of transfer excepted from discharge under the Code. Further, if Debtor was not an owner of Mr. White, LLC, as appears to be the case from Debtor's Answer, then Debtor's removal of funds from Mr. White, LLC's bank account is again the exact type of conduct that provides an exception from discharge. At the very least, these are all factual disputes that need to be explained. Finally, while Debtor cites to general principles of law explaining how a plaintiff can establish a claim warranting denial of discharge based on section § 727(a)(5), she notably does not cite to a single case to support her argument. In addition, Debtor once again ignores the totality of the allegations and inferences drawn therefrom that clearly allege a claim under § 727(a)(5).

Viewing the pleadings in the light most favorable to Plaintiff, as this Court is required to do here, judgment on the pleadings plainly is not appropriate here.

### D.    The Complaint Sufficiently Alleges a Willful and Malicious Injury under §523(a)(6)

Section 523(a)(6) excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). At the pleading stage, Plaintiff does not need to prove the elements of the claim but must simply allege facts

sufficient to give notice of each element, which it has done. Indeed, Debtor does not contend that the Amended Complaint fails to give it notice of each element. Instead, Debtor's argument, which essentially ignores the stringent standard for evaluating motions under rule 12(c), simply offers likely trial defenses and must fail.

### 1.    *The Amended Complaint Sufficiently Alleges a Willful Injury*

To satisfy the term "willful", a plaintiff must allege that the act was "done with the intent to cause the injury." *Palisades Tickets, Inc. v. Daffner (In re Daffner)*, 612 B.R. 630, 653 (Bankr. E.D.N.Y. 2020). In *In re Daffner*, the court found that after trial "the Plaintiff must prove by a preponderance of the evidence that the Defendant not only intended to hold and distribute his clients' money, the *act*, but that he intended to deprive the Plaintiff of the money owed to it by the Defendant's clients, the *injury*." *Id.*

Here, the Amended Complaint alleges that Plaintiff had a judgment against Mr. White LLC and that Debtor knew of that judgment. Am. Compl., ¶¶ 30, 31. The Amended Complaint alleges that "Debtor completed the First Transfer knowing Mr. White LLC owed a debt to Plaintiff to cause injury to Plaintiff." Am. Compl., ¶ 36. The Amended Complaint further alleges that "On information and belief, Debtor completed the First Transfer to prevent Plaintiff from collecting on its Judgment against Mr. White LLC." Am. Compl., ¶ 37. The Amended Complaint goes on to allege that "Debtor wrongfully completed the First Transfer knowing Mr. White LLC owed a debt to Plaintiff without just cause because of her personal hatred for Plaintiff, its principal and its principal's wife." Am. Compl., ¶ 38; and that "In her Petition, Debtor proffers that in May 2019 she used funds in her possession, custody and control to buy out her partner, Jennifer Nemeth's interest in Flash Lab" and "Debtor's transfer of money to Defendant Jennifer Nemeth (the 'Second Transfer' and with the First Transfer, collectively, the 'Transfers') to buy out her share of Flash

Lab was after the verdict was awarded in favor of Plaintiff and to the detriment of Plaintiff." Am. Compl. ¶¶ 43, 44. The Amended Complaint also alleges that "Debtor knew or should have known that injuries to Plaintiff were certain or substantially certain to be caused by her course of conduct." Am. Compl., ¶ 70.

The Amended Complaint thereby alleges that Debtor took money and with the Transfer dissipated of the funds with the intent to cause injury to Plaintiff. This is more than sufficient to allege properly willful injury. Debtor's argument that this is not sufficient "to establish that the Debtor's actions were 'willful'" is baseless. At this juncture, Plaintiff does not have to prove anything but merely must allege sufficient facts, all of which have been disputed by Debtor, thereby creating questions of fact. Nor does Debtor's interpretation of the allegations have any relevance here. While Debtor raises defenses to this claim, at this juncture, the allegations in the Amended Complaint sufficiently pled a plausible claim that may be proven at trial.

### 2.    *The Amended Complaint Sufficiently Alleges a Malicious Injury*

Debtor argues that the Amended Complaint "fails to establish that the Debtor's actions were malicious under the standard set forth by the Second Circuit." Mot., p. 9. In so arguing, Debtor seeks to impose a heightened pleading standard that requires proof at the pleading stage and ignores the totality of the allegations in the Amended Complaint to avoid having to engage in discovery that will undoubtedly produce evidence supporting a malicious injury precluding discharge.

"Malicious" under the Code "'means wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill-will." *Navistar Financial Corp. v. Stelluti (In re Stelluti)*, 94 F.2d 84, 88 (2d Cir. 1996). "Malice may be constructive or implied." *Id.* "Implied malice may be demonstrated by the acts and conduct of the debtor in the context of [the]

surrounding circumstances." *Id.* Malice is implied when "anyone of reasonable intelligence knows that the act in question is contrary to commonly accepted duties in the ordinary relationships among people, and injurious to another." *Ganci v. Townsend (In re Townsend)*, 550 B.R. 220, 227 (Bankr. E.D.N.Y. 2016).

In *In re Stelluti*, the Second Circuit affirmed the District Court's judgment that the debt was not dischargeable under 11 U.S. C. § 523(a)(6). *Id.* The debtor had executed a personal guarantee to guarantee Crossroads' debts to Plaintiff. *Id.* Thereafter, the debtor transferred money from Crossroads' accounts to her personal account and then to an out of state bank. *Id.* The court found that debtor's transfer of money to out of state bank accounts was deliberate and intentional because she knew there was a debt owed to plaintiff. 94 F.2d at 88. The court found that the debtor "'didn't know that the money in the Crossroads [Operating] account was property of [] [Plaintiff]." *Id.* at *87. The court then held that the debtor's "conduct was malicious within the meaning of § 523(a)(6) because "even though [debtor] believed that the proceeds did not belong to [plaintiff], her actions in transferring the funds constituted malicious conduct that injured [plaintiff]." *Id.* at *88.

Similarly here, the Amended Complaint alleges that Plaintiff was awarded a significant Judgment against Mr. White, LLC and that Debtor, knowing there was a debt owed to Plaintiff, transferred money out of Mr. White, LLC's bank accounts to an unknown location. Am. Compl., ¶¶ 30, 35-37. The Amended Complaint also alleges that Debtor was indebted to Plaintiff after a jury awarded it a judgment against Debtor who the jury found had been unjustly enriched at the expense of Plaintiff. Am. Compl., ¶¶ 30, 31. The Amended Complaint sufficiently alleges that thereafter Debtor acted with foresight to take money from her co-judgment debtor and pay that money to a third-party and to create debts for herself in addition to the debt owed to Plaintiff to

allow her to file for bankruptcy to avoid paying the Judgment to Plaintiff. Am. Compl., ¶¶ 34-38, 43-44, 59-63. In fact, Debtor's own Petition evidences her deception. In her petition, Debtor lists her co-defendants in the Action as creditors in her bankruptcy despite neither being owed any debt from Ms. Rheel. Am. Compl., ¶ 54. The Amended Complaint further alleges that Debtor's parents lent her money to litigate the Action, pay her attorney to defend the Action, complete the restaurant's construction as well as operating costs for the restaurant (Am. Compl., ¶ 40); and that within one month after the jury awarded a verdict in favor of Plaintiff against Debtor, Debtor created allegedly secured debt amounting to loans from her parents without any collateral from Debtor. Am. Compl., ¶¶ 59, 60, 61. The Amended Complaint also alleges that "Upon information and belief, these are manufactured loans to avoid having to pay Plaintiff the Judgment, create a basis to file for bankruptcy and to create a priority over Plaintiff in this bankruptcy." Am. Compl., ¶ 63. Debtor answered averring that she was actually unaware of any debt she owed to Plaintiff (Ans., ¶ 44) clearly raising a question of fact about intent and malice. Debtor also "lists as a creditor the law firm of White and Williams in the amount of $71,717.89 when there is no award or judgment against Debtor in that amount." Am. Compl., ¶ 64.

The Amended Complaint further alleges that "Debtor has misled this Court and misrepresented herself to this Court in order to defraud Plaintiff to her benefit" (Am. Compl., ¶ 65); and that Plaintiff testified about her personal animus towards Plaintiff, its principal and its principal's wife, the harm she believed Plaintiff caused her, that "she believed Plaintiff put her and her family's lives in jeopardy" and how she "wanted Plaintiff to pay for what she believed was Plaintiff's destruction of her business and life." Am. Compl., ¶¶ 38-40, 72-73. These allegations – all of which were denied or disputed by Debtor in her Answer – clearly raise questions of fact sufficient to survive a Rule 12(c) motion. The allegations in the Amended Complaint more than

sufficiently allege malicious injury. Whether Plaintiff can prove malicious injury is not a question for this Court to answer at this juncture. The Motion should be denied.

### E.    Section 523(a)(4) Precludes Discharge Because the Allegations Sufficiently Allege Embezzlement

In her original motion to dismiss, Debtor conceded that Mr. White LLC's bank account was emptied after she knew that both she and Mr. White LLC were judgment debtors jointly and severally liable to Plaintiff. Original Motion ("Orig. Mot.") (Doc. 10), p. 2. Now in complete contradiction, Debtor represents that there were no funds in Mr. White's bank accounts when they were closed and, in any event, "there was nothing improper in the Debtor transferring the funds into her own account." Mot., p. 2. Debtor's own contradiction in her motions as well as her own Answers to both the Complaint and Amended Complaint raise serious concern about what happened to those money in Mr. White LLC's bank accounts.

Debtor argues that because the money she allegedly embezzled was money held by a Debtor's business, any transfer of money cannot be embezzlement. Mot., pp. 7-8. This is surprising because Debtor denied knowledge or information sufficient to answer whether she was an owner of Mr. White, LLC. Ans., ¶ 29. Debtor also denied knowledge or information sufficient to answer whether Mr. White, LLC had at least one bank account at TD Bank. Ans., ¶ 33. Nonetheless, contrary to Debtor's contention, this Court has held that "[a] partner or employee who diverts a corporation's funds for his or her own use commits embezzlement within the meaning of § 523(a)(4)." *Mirarchi v. Nofer (In re Nofer)*, 514 B.R. 346, 356-357 (Bankr. E.D.N.Y. 2014) (*citing Race Place of Danbury, Inc. v. Scheller (In re Scheller)*, 265 B.R. 39, 54 (Bankr. S.D.N.Y. 2001); *In re Graziano*, 35 B.R. 589, 595 (Bankr. E.D.N.Y. 1983). "Embezzlement consists of three elements: '(1) the debtor rightfully possessed another's property; (2) the debtor appropriated the property for use other than the use for which the property was entrusted; and (3) the circumstances

implied a fraudulent intent.'" *Indo-Med Commodities, Inc. v. Wisell (In re Wisell)*, 494 B.R. 23, 40 (Bankr. E.D.N.Y. 2011). Here, the Amended Complaint alleges, and all reasonable inferences drawn therefrom support that Debtor diverted funds from Mr. White, LLC for her own use and to prevent Mr. White, LLC from paying its obligations to Plaintiff and immunizing it from any collection efforts. Am. Compl., ¶¶ 35, 36, 37. Thus, the Amended Complaint sufficiently pleads the elements embezzlement within the meaning of 523(a)(4). Whether Debtor had the right to close the account or not is not the proper question here, and thus, the Motion should be denied.

The *People v. Yannett* decision, 49 N.Y.2d 296 (1980) relied on by Debtor does not alter the analysis because the question of what constitutes embezzlement under 523(a)(4) is a question of federal law. *Race In re Scheller*, 265 B.R. at 53. Nonetheless, *Yannett* is inapposite because it addresses larceny by embezzlement and whether it was properly established after a jury trial. The Amended Complaint here does not plead larceny and Plaintiff is not required to alleges a § 523(a)(4) claim and is entitled to proceed to discovery. Notwithstanding, the decision in *Yannett* is completely inapposite. In *Yannett*, the plaintiffs were nursing home residents who paid resident fees to defendant who in turn promised to provide refunds to any resident approved for Medicare benefits but then failed to live up to its promise. 49 N.Y.2d at 301-02. The Court found that once the residents paid the money to defendant it became defendant's money and ceased belonging to the residents, and thus, the defendant's failure to pay nursing home residents the full refunds did not constitute larceny by embezzlement. 49 N.Y.2d at 302. This is completely inapposite to the facts here where the allegations and all reasonable inferences drawn therefrom are that Debtor as the owner of Mr. White, LLC was entrusted with its funds and then she embezzled those funds for her own use and to assist it in avoiding Mr. White, LLC's obligations to Plaintiff under the Judgment.

The Motion should be denied.

### F.    Leave to Amend Should be Permitted

If the Court finds any aspect of the Motion well-taken, it should grant Plaintiff leave to amend its Amended Complaint. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, no prejudice will result if leave is granted, and leave is not sought in bad faith or for purposes of unduly delaying proceedings. *See Oliver Sch., Inc. v. Foley*, 930 F.2d 248, 253 (2d Cir. 1991). "When a motion to dismiss is granted, 'the usual practice is to grant leave to amend the complaint.' . . . Although the decision whether to grant leave to amend is within the discretion of the district court, refusal to grant leave must be based on a valid ground." *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990) (quoting 2A Moore's Federal Practice ¶ 12.14,a t 12-99 (2d ed. 1989)); *see also Luce v. Edelstein,* 802 F.2d 49, 57 (2d Cir. 1986) ("Complaints dismissed under Rule 9(b) are 'almost always' dismissed with leave to amend."). Accordingly, Plaintiff respectfully requests that to the extent the Court grants Debtor's Motion, if at all, Plaintiff be granted leave to amend and cure any defects.

## **CONCLUSION**

For the reasons set forth herein, Plaintiff, Pink Shirt Construction, Inc., respectfully requests that Debtor's Motion to Dismiss the Amended Complaint pursuant to Rule 12(c) be denied in its entirety.

Dated: June 22, 2021
      New York, NY

                                     **WHITE AND WILLIAMS LLP**

By:_____
                Nicole A. Sullivan
      E-mail: sullivann@whiteandwilliams.com

7 Times Square, Suite 2900
New York, New York  10036
(212) 631-4420
*Attorneys for Plaintiff Pink Shirt Construction, Inc.*